IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| PATRICIA SELLS BREWER, | ) | Case No. 09-72412 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | _____ |
| | ) | |
| PATRICIA SELLS BREWER, | ) | MOTION TO AVOID |
| | ) | JUDICIAL LIEN ON |
| Movant | ) | RESIDENTIAL REAL ESTATE |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTIC CREDIT & FINANCE, INC. | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM DECISION**

The Debtor in this Chapter 13 case seeks the avoidance of a judicial lien on her residential property held by Atlantic Credit & Finance, Inc., successor to Capital One Bank. In her Motion the Debtor contends that the judicial lien is avoidable as a preferential transfer pursuant to 11 U.S.C. § 522(h) because the Trustee could avoid the lien under 11 U.S.C. § 547, or alternatively, the judicial lien is avoidable pursuant to 11 U.S.C. § 522(f) as an impairment of an exemption to which the Debtor is entitled. Although the Court will grant the Debtor's Motion to Avoid the judicial lien as an impairment of the Debtor's homestead exemption pursuant to § 522(f) to the extent discussed below, it will not rule upon the Debtor's contention that the lien is an avoidable preferential transfer, which pursuant to Bankruptcy Rule 7001(2) ought to be asserted by means of a separate adversary proceeding rather than a motion.[1]

---

[1] Although the Debtor's Motion to Avoid was based on the two separate theories, that of § 522(f)(1) and that of § 522(h), counsel for the Debtor conceded at a hearing on December 16,

**FINDINGS OF FACT**

The Debtor filed her Chapter 13 petition on September 23, 2009. In her Schedule A the Debtor listed her residential real property located in Grayson County, Virginia as having a value of $21,000 with a secured claim on the property in the amount of $13,600. In her Schedule D the Debtor identified this secured claim as being held by Capital One Bank and stated that the claim was incurred in 2008 as a judgement lien docketed on August 6, 2008. Although no other secured claims on this property are identified in the Debtor's schedules, in her Schedule F the Debtor identifies the claim at issue in the present Motion as a separate Capital One Bank credit card debt incurred in 2007. In her Amended Schedule C, the Debtor listed an exemption of $5,000 pursuant to Va. Code § 34-4 for her residential property. The Debtor's homestead deed claiming this exemption in that amount has been filed with the Court; the document contains a Grayson County Circuit Clerk's office stamp evidencing its recordation in that office.

In the Motion before the Court, to which neither Atlantic Credit & Finance, Inc. nor counsel for Capital One has responded, the Debtor represents that the judicial lien at issue arose as a result of the credit card debt owed to Capital One that was identified in Schedule F. The Debtor represents in the Motion that a judgment was obtained against the Debtor on account of this debt on June 22, 2009 in Grayson County General District Court in the amount of $15,000 plus $53 in court costs, with interest at the rate of 6% from the date of judgment. The Debtor represents in the Motion that on August 20, 2009 the judicial lien now in issue was obtained when an abstract of the judgment was docketed in the office of the Clerk of the Circuit Court of

---

2009 that an action to avoid the lien under § 522(h) would need to be brought as a separate adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure. A second concession made by counsel at the hearing was that under either theory of avoidance, he had found no authority to support his original contention that the Debtor could avoid the judicial lien in its entirety.

Grayson County. Within thirty-five days after such date the Debtor filed her petition in this Court.

In her Motion the Debtor contends that the judicial lien at issue is avoidable except to the extent of $848.80. The Debtor represents in the Motion that the real estate is already subject to the arguably unavoidable superior judicial lien held by Capital One identified in Schedule D, which the Debtor represents upon information and belief as being approximately $15,151.20 as of the date of the filing of the Debtor's bankruptcy petition. Therefore, the Debtor contends in the Motion that the judicial lien at issue can be avoided except to the extent of $848.80 based on the value of the property ($21,000) and the amount of exemption ($5,000) to which the Debtor is entitled.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Motions seeking the avoidance of liens on property of bankruptcy debtors are "core" bankruptcy proceedings pursuant to 28 U.S.C. § 157(b)(2)(K) and (O). Claims of exemption from property of the estate are also "core" matters pursuant to § 157(b)(2)(B). Bankruptcy Rule 4003(d) provides that a "proceeding by the debtor to avoid a lien or other transfer of property exempt under [11 U.S.C.] § 522(f) of the Code shall be by motion in accordance with Rule 9014."

Section 522(f)(1) of the Bankruptcy Code permits a bankruptcy debtor to avoid certain liens which "impair" his or her exemptions from creditor process. Of the liens that can be avoided pursuant to this section, subsection (A) identifies "a judicial lien, other than a judicial

lien that secures a debt of a kind that is specified in section 523(a)(5)."[2]  11 U.S.C. § 522(f)(1)(A).  In Section 522(f)(2) Congress set forth a mathematical formula for determining whether a lien impairs an exemption to which a debtor would otherwise be entitled.  That formula provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien;
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).

In her Amended Schedule C the Debtor claimed an exemption under Va. Code § 34-4 which provides that a householder may "exempt from creditor process arising out of a debt, real or personal property . . . not exceeding $5,000 in value."  The Debtor has exempted the full $5,000 under this statute for her residential real property as evidenced by her recorded homestead deed filed with the Court.  As noted previously, the Debtor listed the value of her residential real property as being $21,000 in Schedule A and listed the prior judicial lien amount as being $15,151.20 as of the bankruptcy filing in the Motion to Avoid.  Therefore, based on the formula provided in § 522(f), the judicial lien of Atlantic Credit & Finance, Inc., is partially avoidable.  The sum of the lien at issue ($15,000), the prior judicial lien ($15,151.20), and the exemption to which the Debtor is entitled ($5,000), exceeds the value of the Debtor's interest in

---

[2] Section 523(a)(5) debts are those arising from a domestic support obligation.

the property if there were no liens ($21,000) by $14,151.20.  The lien is therefore avoidable except to the extent of $848.80.  A contemporaneous Order in accordance with this Decision will be entered.

        This 29th day of December, 2009.

                              */s/ William F. Stone, Jr.*

                              UNITED STATES BANKRUPTCY JUDGE